UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORNELIUS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA P. ADAMS *et al.*,<br><br>　　　　　Defendants. | CAUSE NO. 1:20-CV-383-DRL-SLC |

OPINION & ORDER

Cornelius Johnson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

According to the complaint and attachments, an incident occurred on September 1, 2020 while Mr. Johnson was being detained at the Allen County Jail pending trial on criminal charges.[1] He claims he was in the jail's "sally port area" with Officer Kyle Schram, Officer Joshua Adams, and Officer Steven Morrison, who directed him to go the medical unit after a fight with another inmate. However, he did not feel a need to go. As he was explaining this to the officers, they allegedly "rushed" him, knocked him to the

---

[1] The court notes that Mr. Johnson's 44-page complaint does not comport with Rule 8's directive that a complaint consist only of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Given his *pro se* status, the court has disregarded the extraneous and repetitive allegations contained in the complaint rather than requiring him to replead.

floor, and started punching him in the chest and back. He told them that he suffered from asthma and to stop punching him in the chest. With that, Officer Adams allegedly put his forearm on Mr. Johnson's throat and began to apply pressure, while Officer Morrison and Officer Schram held him down. Mr. Johnson was "gasping for air," and called out for help from Officer Mark Kauffman, Officer Mark Vachon, Lieutenant Chad Ray, and Officer Justin Gore, all of whom were walking by. He claims they ignored him and kept walking. Another officer finally intervened, at which point the officers stopped their use of force. Mr. Johnson claims that as a result of this incident, he suffered pain to his chest, throat, and neck, among other injuries. He sues the individual officers involved, various supervisory officials, the City of Fort Wayne, the Allen County Sheriff's Department, and the Allen County Jail seeking monetary damages, among other relief.

Because Mr. Johnson was a pretrial detainee at the time of this incident, his rights arise from the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Here, it appears that Mr. Johnson disobeyed a direct order from the officers to go to the medical unit. *See Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984) ("Inmates cannot be permitted to decide which orders they will obey, and when they will obey them."). Nevertheless, giving him the inferences to which he is entitled at this stage, he alleges that Officers Schram, Adams, and Morrison used more force than was necessary to obtain his compliance. Specifically, he alleges that even though he was not offering any physical resistance, they knocked him to the floor, punched him repeatedly in the chest, and put pressure on his throat, causing him to "gasp[] for air." He claims that this incident caused him physical and emotional suffering and required pain medication. Although further factual development may show that the officers' use of force was reasonable under the circumstances, he has alleged enough to proceed past the pleading stage on a claim for damages against these officers.

The court notes that he also appears to be trying to initiate federal criminal charges against these defendants, but he has no authority to do so as a private citizen. *See United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."). He also cites several times to Article 16 of the Indiana Constitution, but that provision relates to the process for amending the state's Constitution. IND. CONST. art. XVI, § 1. It appears he may have instead intended to invoke Article 1 of the Indiana Constitution, which prohibits cruel and unusual punishment. IND. CONST. art. I, § 16. However, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Watts v. Reynolds*, No. 2:19-CV-25, 2019 WL 5294525, 6 (N.D. Ind.

3

Oct. 17, 2019) (*citing Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007)). Any such allegations will be dismissed.

As for Officers Kauffman, Vachon, Ray, and Gore, a prison staff member can be held liable under § 1983 for failing to intervene if he "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Giving Mr. Johnson the inferences to which he is entitled at this stage, he has alleged a plausible claim that these officers were walking by and had a realistic opportunity to intervene to stop the other officers' use of excessive force, but did nothing. He will be permitted to proceed against these defendants.

He also sues Jail Commander Butler and Allen County Sheriff David Gladieux, but there is nothing in the complaint to suggest that they were present during this incident or otherwise personally involved in the alleged use of excessive force. There is no general *respondeat superior* liability under § 1983, and these defendants cannot be held personally liable solely because they oversee operations at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The fact that Mr. Johnson wrote to them after the incident to complain about what occurred also does not establish a basis for imposing personal liability. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Mr. Johnson may be trying to hold these defendants, as well as the City of Fort Wayne and the Allen County Sheriff's Department, liable under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), as he cites to that case in his complaint. However, he does not clearly identify what official

4

municipal policy underlies his *Monell* claim. There is no factual content in the complaint from which it can be plausibly inferred that the jail had an official policy of using excessive force against detainees for no reason. To the extent he is trying to allege that the jail had a widespread practice of violating detainees' rights, he describes only this one incident involving himself, and as a general matter one incident is not enough to establish a widespread practice under *Monell*. *See Rodriguez v. Milwaukee Cty.*, 756 F. Appx. 641, 643 (7th Cir. 2019); *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Nor is there any indication that it was an official municipal policy or widespread practice that caused Mr. Johnson's injury. Rather, his complaint describes an incident wherein he was allegedly attacked by three individual correctional officers without justification. He will not be permitted to proceed against the Jail Commander, the Sheriff, the Sheriff's Department, or the City of Fort Wayne.

Mr. Johnson also sues the Allen County Jail, but this is a building, not a person or a policymaking body that can be held liable under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Likewise, he sues a defendant identified as "Internal Affairs," but this appears to be a department within the jail, not a municipality or other suable entity under state law. *See Sow*, 636 F.3d at 300. These defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Kyle Schram, Officer Steven Morrison, and Officer Joshua Adams in their personal capacity for money

damages for using excessive force against him on September 1, 2020, in violation of the Fourteenth Amendment;

(2) GRANTS the plaintiff leave to proceed against Officer Mark Kauffman, Officer Mark Vachon, Lieutenant Chad Ray, and Officer Justin Gore for failing to intervene in the use of excessive force by Officers Schram, Morrison, and Adams on September 1, 2020, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Captain Butler, Sheriff D. Gladieux, the Allen County Sheriff's Department, the City of Fort Wayne, Internal Affairs, and the Allen County Jail as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Kyle Schram, Officer Steven Morrison, Officer Joshua Adams, Officer Mark Kauffman, Officer Mark Vachon, Lieutenant Chad Ray, and Officer Justin Gore, and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Officer Kyle Schram, Officer Steven Morrison, Officer Joshua Adams, Officer Mark Kauffman, Officer Mark Vachon, Lieutenant Chad Ray, and Officer Justin Gore to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 9, 2020  *s/ Damon R. Leichty*
Judge, United States District Court